UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY, | ) ) ) | CASE NO. C06-0378-MAT |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL |
| MARCILLE GAY AND GORDON JOHNSON PERSONAL REPRESENTATIVE OF THE ESTATE OF GERALDINE JOHNSON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court on plaintiff's Motion for Dismissal of Plaintiff and for Its Attorney Fees. (Dkt. 18.) Defendants have not objected to plaintiff's motion.

The Court previously found this case proper for resolution as an interpleader action and directed plaintiff to deposit the proceeds of a contested group life insurance policy with the Clerk of Court. (Dkt. 14.) Following deposit of the proceeds, the Court granted plaintiff leave to move for discharge from further liability and participation in this action. (Dkt. 20.) However, the Court determined that, before it could rule on plaintiff's motion to dismiss and for an award of attorney's

ORDER GRANTING PLAINTIFF'S
MOTION FOR DISMISSAL
PAGE -1

fees, it required a detailed accounting of the time plaintiff's counsel spent on this matter. ( *See* Dkt. 22.) The Court also set a status hearing.

Plaintiff submitted the requested accounting and the parties attended a status hearing on October 12, 2006. (Dkts. 24-25.) At the hearing, the undersigned directed the parties to contact the chambers of United States Magistrate Judge James P. Donohue in order to schedule a settlement conference as to both the competing claims for the group life insurance proceeds and plaintiff's requested attorney's fees. The Court also took under advisement plaintiff's request at the hearing that the Court consider its motion for dismissal.

Now, having considered plaintiff's motion for dismissal, the Court hereby finds and ORDERS:

(1) Plaintiff's motion for dismissal is GRANTED in part. The Court finds good cause to discharge plaintiff, as a disinterested stakeholder, from this action and good cause for restraining the interpleader defendants from instituting or maintaining any action against plaintiff for recovery of the proceeds of the group life insurance policy at issue. Accordingly, plaintiff is discharged from any further liability with regard to the group life insurance policy issued by Union Central Life Insurance Company to the Northshore School District No. 417 Group Life Plan, insuring Northshore School District employee Lewis Victor Johnson, and is discharged from participation in this matter and from any claims that the remaining parties may have with regard to the policy at issue, or otherwise relating to Northshore School District No. 417 Group Life Plan or that plan's benefits. Moreover, the interpleader defendants are restrained from instituting or maintaining an action against plaintiff, Northshore School District No. 417, or Northshore School District No. 417 Group Life Plan, for recovery of the proceeds of the group life insurance policy

01 at issue.

02 (2) As indicated at the hearing, the Court RESERVES a ruling on plaintiff's request
03 for attorney's fees pending settlement discussions with Judge Donohue. Accordingly, plaintiff
04 remains a party to this action for purposes of resolving the attorney fee issue and is required to
05 attend the settlement conference with Judge Donohue.

06 (3) The Clerk is directed to send copies of this Order to counsel for plaintiff, to counsel
07 for defendant Gordon Johnson, to defendant Marcille Gay, and to Judge Donohue.

08 DATED this 13th day of October, 2006.

Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR DISMISSAL
PAGE -3